**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 12:37 PM August 15, 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| BRUCE EDWARD KANDEL, | ) | CASE NO. 11-62597 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6003 |
| _____ | ) | |
| UNITED STATES TRUSTEE, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BRUCE EDWARD KANDEL, | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Now before the court is Defendant's objection and request for ten day extension to further respond to Plaintiff's motion for summary judgment ("request for extension"), filed on May 30, 2012, Defendant's motion for leave to file annexed affidavit of Bruce Kandel Instanter ("motion for leave"), filed on June 9, 2012, and Defendant's motion to stay proceedings on Plaintiff's summary judgment motion, to authorize and reopen discovery, and for other necessary and proper relief ("motion to stay"), filed on July 5, 2012,.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper

1

pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

On January 17, 2012, Plaintiff filed a complaint seeking to deny Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2) alleging that Defendant made transfers of property used by his businesses, Beller-Von Kaenel, Ohio Brokerage, Strasburg Leasing, Ohio Carrier, and STAB LLC, with intent to hinder, delay, or defraud the bankruptcy trustee or creditors. On March 28, 2012, the court entered a scheduling order which provided a discovery deadline of April 30, 2012 and a dispositive motions deadline of May 31, 2012.

On May 2, 2012, Plaintiff filed a motion for summary judgment and a notice thereof, which provided a response deadline of May 29, 2012. Defendant filed, on May 30, 2012, an objection to Plaintiff's motion for summary judgment and request for extension to file a further response.[1] On June 5, 2012, Defendant filed a notice and supplemental statement in support of extension ("supplement statement"). Additionally, Defendant filed, on June 9, 2012, a motion for leave to file annexed affidavit of Bruce Kandel Instanter. Plaintiff made no objection to either Defendant's request for extension or Defendant's motion for leave.

Subsequently, Defendant filed, on July 5, 2012, a motion to stay proceedings on Plaintiff's summary judgment motion and to authorize and reopen discovery. Plaintiff, on July 5, 2012, filed a memorandum in opposition to Defendant's motion to stay.

Defendant's motion to stay argues that Debtor did not file a motion for summary judgment because 1) Plaintiff's theory of the case was not similar to Defendant's, 2) Defendant's accountant resides in California and is not readily available, and 3) Defendant is not numbers-oriented and cannot articulate the facts and information required to defend this matter. Instead, Defendant prepared an affidavit that explains his involvement in the operation of the Von Kaenel Companies.

Plaintiff's opposition to the motion to stay argues that Defendant failed to cite any authority to stay the decision on the motion for summary judgment and resume discovery in this matter.

## DISCUSSION

I.  *Request for Extension and Motion for Leave*

As discussed above, Defendant seeks an extension to further respond to Plaintiff's motion for summary judgment through June 11, 2012. From the arguments set forth in Defendant's

---

[1] Defendant's request for extension was filed one (1) day late but as Plaintiff did not object, the court treats the request for extension as timely filed.

request for extension and supplemental statement, the court concludes that the further response that Defendant seeks to file is his affidavit.[2] In accordance with this conclusion, Defendant also filed, on June 9, 2012, a motion for leave to file the affidavit of Bruce Kandel and included a copy of said affidavit, but did not file a brief. Plaintiff did not oppose either Defendant's request for extension or the motion for leave. Accordingly, the court grants Defendant's request for extension and motion for leave and treats the affidavit of Bruce Kandel as Defendant's further response sought in the request for extension.

## II. *Motion to Stay and Reopen Discovery*

While Defendant has not specifically referenced any authority for his motion to stay, the court concludes, based upon the relief sought and the substance of the motion, that Defendant brings his motion pursuant to Fed. R. Civ. P. 56(d).[3] Fed. R. Civ. P. 56(d), applicable to this proceeding through Fed. R. Bankr. P. 7056, provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may 1) defer considering the motion or deny it; 2) allow time to obtain affidavits or declarations or to take discovery; or 3) issue any other appropriate order.

The party opposing a motion for summary judgment bears the burden to show that additional discovery "would likely demonstrate the existence of controverted material facts." Redhawk Global, LLC v. World Projected Int'l, No. 2:11-cv-666, 2012 U.S. Dist. LEXIS 77941, at 6 (S.D. Ohio June 5, 2012); *accord* Chilingirian v. Boris, 882 F.2d 200, 205 (6th Cir. 1989). The party seeking additional discovery under Rule 56(d) must submit an affidavit that demonstrates the need for the discovery. Plott v. Gen. Motors Corp., 71 F.3d 1190, 1196 (6th Cir. 1995); *accord* Redhawk Global, 2012 U.S. Dist. LEXIS 77941, at 6. "A party invoking Rule 56(d) protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits … and how postponement of a ruling on the motion will enable him … to rebut the movant's showing of the absence of a genuine issue of fact." Redhawk Global, 2012 U.S. Dist. LEXIS 77941, at 7 (quoting Plott, 71 F.3d at 1196 (quoting Willmar Poultry Co. v. Morton-Norwich Prods., Inc., 520 F.2d 289, 297 (8th Cir. 1975))).

For a Rule 56(d) motion and affidavit to be sufficient, they must detail the discovery sought, Good v. Ohio Edison Co., 149 F.3d 413, 422 (6th Cir. 1998), and list specific facts that the party wants to discover that will raise an issue of material fact. Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir. 1986). The evidence sought to be obtained must not be certainly nonexistent or the object of pure speculation. Redhawk Global, 2012 U.S. Dist. LEXIS 77941, at 9. "Bare allegations or vague assertions of need without supporting proof are insufficient." Id.

---

2 Defendant's request for extension refers to filing affidavits and a brief in response to Plaintiff's motion for summary judgment. However, Defendant's supplemental statement requests an extension for only an affidavit. For this reason, the court concludes that Defendant's supplemental statement amends his request for extension to include only an affidavit and not a further brief.

3 Additionally, Plaintiff's opposition responds to the motion to stay as a Rule 56(d) motion.

The court is baffled by the mess of pleadings that Defendant filed in this case.  First, Defendant filed one pleading serving as both an objection to Plaintiff's motion for summary judgment and a request to file a further response.   Next, Defendant filed a supplemental statement in support of filing a further response.  Then, Defendant filed a motion for leave to file an affidavit.  Finally, Defendant filed the motion to stay.  While Defendant filed all these motions independently without referencing the other pending pleadings, except for the supplemental statement, the court considers them to all be related.  As discussed above, the court treats Defendant's motion for leave and the attached affidavit as Defendant's further response to Plaintiff's motion for summary judgment.  Similarly, based upon the relief sought and the substance of the pleadings, the court treats Defendant's request for extension, supplemental statement, motion for leave, and motion to stay as one pleading seeking to stay Plaintiff's motion for summary judgment pursuant to Rule 56(d) and reopen discovery.  The court considers Defendant's affidavit, filed with the motion for leave, to be his Rule 56(d) affidavit.

When viewing all these documents as a whole, Defendant has established the necessity for additional discovery in this matter.  Defendant lists specific discovery to be sought.  In the motion to stay, Defendant states that discovery is needed to corroborate the testimony of Defendant's accountant, who resides in California, regarding the cancellation of Defendant's corporate charters and to evidence other statements made in Defendant's affidavit.  Further, Defendant's affidavit references numerous facts that Defendant seeks to corroborate for the purpose of responding to Plaintiff's motion for summary judgment.  The facts sought to be discovered are specific and do not appear to be certainly nonexistent or pure speculation.

The court next questions whether Defendant acted in good faith in bringing a Rule 56(d) motion.  The court is troubled by the fact that Defendant did not move for an extension of the discovery period prior to April 30, 2012 and waited until at least May 30, 2012 to seek an extension.[4]  The supplemental statement references that Defendant learned about pertinent information regarding corporate charters in April 2012.  Given this new information that came to light so near the discovery deadline and applying Rule 56(d) with a spirit of liberality, In re Horkins, 153 B.R. 793, 802 (Bankr. M.D. Tenn. 1993), the court is inclined to look past the untimely request to extend the discovery period.  Other factors also indicate Defendant acted in good faith.  The discovery period in this adversary proceeding was compact with the complaint filed on January 1, 2012 and discovery concluding on April 30, 2012.  There is no evidence that Defendant did not cooperate with Plaintiff's discovery requests.

Furthermore, Plaintiff does not argue, and the court cannot conceive of, any prejudice to Plaintiff as a result of an extension of the discovery period.  While the blizzard of paper has thoroughly confused this matter, the court will not punish Defendant.   In the interest of justice and allowing the matter to be decided on the merits, the court finds that it is appropriate to reopen the

---

[4] While Defendant did not officially seek an extension of the discovery period until July 5, 2012 in his motion to stay, Defendant specifically references issues that hindered the discovery process in his request for extension filed on May 30, 2012.  Specifically, counsel for Defendant cites the press of legal and family matters, travel, and scheduling conflicts in meeting with Defendant and witness, Christine Kinsey.

discovery period to allow Defendant the capability to fully defend himself.

Accordingly, the court reopens the discovery period and defers decision on Plaintiff's motion for summary judgment pending the expiration of the additional discovery period and the dispositive motions deadline. Any further motions to extend discovery or dispositive motions deadline must be filed before the expiration of these deadlines to be considered by the court.

An order will be entered simultaneously with this opinion.

#      #      #

**Service List:**

Dean P Wyman
United States Trustee
Suite 441
H.M. Metzenbaum U.S. Courthouse
201 Superior Ave., East
Cleveland, OH 44114

Wallace W. Walker, Jr., Esq.
7774 Oakhurst Cir
Brecksville, OH 44141