**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



_/s/ Russ Kendig_
**Russ Kendig
United States Bankruptcy Judge**

**Dated: 01:51 PM July 18, 2013**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| BRUCE EDWARD KANDEL, | ) CASE NO. 11-62597 |
| | ) |
| Debtor. | ) ADV. NO. 12-6003 |
| _____ | ) |
| UNITED STATES TRUSTEE, | ) JUDGE RUSS KENDIG |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **MEMORANDUM OF OPINION** |
| BRUCE EDWARD KANDEL, | ) **(NOT FOR PUBLICATION)** |
| | ) |
| Defendant. | ) |

In this adversary, the United States Trustee ("UST") seeks to deny Debtor a discharge under 11 U.S.C. § 727. On March 28, 2013, UST filed a motion to reopen discovery. Debtor opposes the reopening.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed a chapter 7 bankruptcy petition on August 9, 2011.

On January 17, 2012, UST filed a complaint objecting to Debtor's discharge. UST alleges that pre- and/or postpetition, Debtor transferred property with the intent to hinder, delay or defraud creditors. At the initial pretrial held on March 28, 2012, the court set April 30, 2012 as the discovery cutoff date. In August 2012, the court granted additional time to conduct discovery, setting a new deadline of October 31, 2012. Thereafter, the court considered, and denied, UST's motion for summary judgment. UST seeks to reopen discovery for sixty days based upon new information.

UST claims that on or about February 21, 2013, it obtained information from a criminal case against Debtor in the Tuscarawas County Court of Common Pleas that resulted in Debtor's entry of a plea agreement on December 12, 2013. Based upon the record in that case, the UST believes further review of Debtor's assets and transactions is warranted. UST now also suggests that Debtor made a false oath or statement under 11 U.S.C. § 727(a)(4)(B). Debtor does not want discovery reopened. He contends that the entire criminal case proved that the equipment in question was not his property or the property of one of his entities. He also suggests that information regarding other alleged transfers is speculative.

## DISCUSSION

As UST identifies, the question to reopen discovery is controlled by Federal Rule of Civil Procedure 16 as adopted by Federal Rule of Bankruptcy Procedure 7016. Rule 7016 requires "good cause" to modify a scheduling order. In reviewing decisions concerning discovery extensions, appellate courts consider the following five factors: (1) when the movant learned of the issue that is the subject of the desired discovery; (2) the impact on the ruling below, (3) how long the discovery period lasted; (4) whether the movant was dilatory in pursuing discovery; and (5) whether the plaintiff was responsive to discovery requests. Gulley v. Co. of Oakland, 496 Fed.Appx. 603, 613 (6th Cir. 2012) (unpublished) (citing Dowling v. Cleveland Clinic Found., 593 F.3d 472, 478 (6th Cir. 2010)). A court's decision must not result in substantial prejudice. Doe v. Lexington-Fayette Urban Cnty. Gov't, 407 F.3d 755, 765 (6th Cir. 2005) (citing Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999)). The court will use these considerations in its analysis.

The criminal case was filed postpetition, in 2012, so it was not disclosed in the bankruptcy petition. The plea agreement was entered in December 2012 and the sentence was issued in January 2013. UST says it learned of the new information from the criminal case on February 21, 2013. It advised the court at a pretrial on March 13, 2013 and filed its motion approximately two weeks later. Approximately thirty-five days passed from the time the UST learned about the

criminal case until it filed its motion. UST was not dilatory in making its request for additional discovery.

Although this adversary has been pending for a year and a half, the discovery period was relatively short. At the initial pretrial held on March 28, 2012, the court allowed about one month for discovery, through April 30, 2012. Discovery closed and was reopened on August 15, 2012, at Debtor's request, for approximately two and one-half more months. No one argues that UST was not diligent in pursuing discovery during this time period. Nor is there any contention that Debtor was not cooperating in discovery.

Additionally, the court has not yet set a trial date in this proceeding. Consequently, the court concludes that there is good cause to grant UST's request. Debtor's argument may be valid, but it would require the court to pre-judge the merits of what is to be discovered. An order granting the motion will be entered immediately.

# # #

**Service List:**

Amy L. Good
Scott R. Belhorn
United States Trustee
H.M. Metzenbaum U.S. Courthouse, Suite 441
201 Superior Ave., East
Cleveland, OH 44114

James R Kandel
101 Central Plaza S
Ste 1003
Canton, OH 44702-1433

3

12-06003-rk    Doc 50    FILED 07/18/13    ENTERED 07/18/13 14:06:58    Page 3 of 3